# EXHIBIT A-1

CIVIL ACTION NO. 14CI02885        JEFFERSON CIRCUIT COURT

DIVISION     JEFFERSON CIRCUIT COURT DIVISION SEVEN (7)

JUDGE _____

TRAVIS KINGSTON                                               PLAINTIFF
1907 Arboro Place
Louisville, Kentucky 40220

v.                              **COMPLAINT**

UPS SUPPLY CHAIN SOLUTIONS                                    DEFENDANT
55 Glenlake Parkway NE
Atlanta, GA 30328

    SERVE:    REGISTERED AGENT
                CSC-Lawyers Incorporating Services
                421 West Main Street
                Frankfort, KY 40601

FILED IN CLERK'S OFFICE
DAVID L. NICHOLSON, CLERK
MAY 3 0 2014
BY _____
DEPUTY CLERK

JURY FEE PAID

## I. INTRODUCTION

Comes the Plaintiff, Travis Kingston (hereinafter "Kingston" or "Plaintiff"), and for his Complaint against the Defendant, UPS Supply Chain Solutions (hereinafter "UPS" or "Defendant") states as follows:

## II. PARTIES, JURISDICTION AND VENUE

1. Plaintiff Kingston is a Kentucky resident.

2. Defendant UPS is a foreign corporation doing business in Louisville, Kentucky, with its principal office in Atlanta, GA.

EH

3. Venue is proper in this Court because the events that give rise to this action occurred in Louisville, Jefferson County, Kentucky.

4. The amount in controversy is hereby expressly stipulated as less than seventy-five thousand dollars ($75,000), inclusive of costs and fees, so there is no federal diversity jurisdiction and any removal would be improper.

5. It is hereby further stipulated that the plaintiff will neither seek nor accept any amount under any circumstance related to this case any amount equal to or greater than seventy-five thousand dollars ($75,000), inclusive of costs and fees.

### III. FACTS

6. Kingston is a former employee of UPS.

7. At all times relevant to his employment, Kingnston was a qualified individual with a disability.

8. Kingston had discussions with UPS regarding his disability and his request for accommodation.

9. Kingston was denied accommodation and denied access to the UPS facility and his continued employment because of his disability.

10. Kingston's disability was a motivating factor in the termination of his employment.

### IV. CLAIMS AND CAUSES OF ACTION

#### A. VIOLATIONS OF THE KENTUCKY CIVIL RIGHTS ACT

11. Kingston re-alleges all allegations contained in Paragraphs 1 through 10 above as if fully set forth herein.

12. UPS failed to accommodate Kingston's disability.

13. Kingston's employment was terminated because of his disability.

14. Kingston was discharged in violation of the Kentucky Civil Rights Act, Chapter 344 *et. seq.* (hereinafter "KRS 344").

### B. RETALIATION

15. Kingston re-alleges all allegations contained in Paragraphs 1 through 14 above as if fully set forth herein.

16. UPS discharged Kingston in retaliation for Kingston's request for accommodation in violation of KRS 344.280.

### C. STATUTORY ATTORNEY FEES

17. Kingston re-alleges all allegations contained in Paragraphs 1 through 16 above as if fully set forth herein.

18. Kingston makes a claim for statutory attorney fees under KRS 344 in the event he is a prevailing party.

### V. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that he be awarded the following relief and all other relief to which he may be entitled:

A. Trial by jury;

B. Judgment against the Defendant on all claims asserted herein;

C. Compensatory damages including but not limited to past and future lost wages and past and future lost benefits;

D. Compensatory damages including but not limited to emotional distress, mental anguish, humiliation and embarrassment;

E.  An award of statutory attorney fees, costs and expenses; and

F.  Statutory interest on all damage awards, verdicts or judgments.

Respectfully submitted,

_/s/ B. M. C._
Bryan M. Cassis
1800 Kentucky Home Life Building
239 S. Fifth Street
Louisville, Kentucky 40202
(502) 736-8100 (phone)
(502) 736-8106 (fax)
bryan@cassislaw.com

*Attorney for the Plaintiff*