UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:14-CV-460-H

TRAVIS KINGSTON                                                                                           PLAINTIFF

V.

UPS SUPPLY CHAIN SOLUTIONS                                          DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiff has moved to remand this case to state court on the grounds removal to federal court was improper and that he has stipulated and agreed that he will not seek or accept damages of $75,000 or more.

This Court has stated on numerous occasions that because Kentucky law does not allow a plaintiff to assert the exact amount of damages in a complaint, an appropriate and definitive post complaint stipulation may clarify damages for jurisdictional purposes. *See Spence v. Centerplate*, 931 F.Supp.2d 779 (W.D. Ky. 2013). Here, Plaintiff placed the stipulation in his complaint, asserting that he would not seek or accept damages beyond the jurisdictional amount of $75,000. *See Van Etten v. Boston Scientific Corp.*, 2009 WL 3485909 (W.D. Ky. Oct. 23, 2009). Beyond merely asserting that the damages from past and future lost wages, past and future lost benefits, damages from emotional distress and statutory attorney's fees will exceed $75,000, however, Defendant has not stated any facts upon which the Court might believe that is true. *See Thrasher v. Hartford Life and Accident Ins. Co.*, 2011 WL 2003406 (W.D. Ky. May 24, 2011).

Where it seems that a reasonable assessment of the damages might be less than $75,000 and where plaintiff has unequivocally stipulated to neither seek nor accept more than that, a

stipulation for jurisdictional purposes is appropriate. That seems to be what has happened here. As this Court has ruled in other cases, any attempt by Plaintiff to later disavow this stipulation or attempt conduct which would be contrary to it in any manner, should be subject to a considerable sanction. *See Spence*, 931 F.Supp.2d at 782.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's motion to remand is SUSTAINED and this case is REMANDED to Jefferson Circuit Court.

cc: Counsel of Record & Jefferson Circuit Court